MICHAEL J. AGUIRRE, City Attorney
Walter C. Chung, Deputy City Attorney
California State Bar No. 163097
    Office of the City Attorney
    Civil Division
    1200 Third Avenue, Suite 1100
    San Diego, California 92101
    Telephone: (619) 533-5800
    Facsimile: (619) 533-5856

Attorneys for Defendants
Jerry Sanders and Scott Peters

```
FILED

SEP - 2 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY
```

# UNITIED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY M. WATKINS, an individual   ) | Case No. **08 CV 1615 W BLM** |
|       )<br>    Plaintiff,   ) | **NOTICE OF REMOVAL OF CIVIL ACTION [28 U.S.C. § 1446]** |
|       )<br>    v.   ) | (San Diego Superior Court Case No. 37-2008-00088865-CU-BT-CTL) |
|       )<br>JERRY SANDERS, in his capacity as Strong )<br>Mayor of the City of San Diego; Scott Peters, )<br>City of San Diego, District 1 Council )<br>member, DOES 1-50 inclusive,   )<br>      )<br>    Defendants.   )<br>_____) | |

TO: PLAINTIFFS AND HIS ATTORNEY OF RECORD:

    PLEASE TAKE NOTICE that Defendants Jerry Sanders and Scott Peters have removed the above-captioned action to the United States District Court for the Southern District of California.

# STATEMENT OF GROUNDS FOR REMOVAL

    Plaintiff alleges that the defendants, and each of them, have denied the plaintiff and the class which he represents their Constitutional and statutory rights under both state and federal law. Plaintiff's complaint alleges that the defendants deprived Plaintiff of his federal constitutional rights, specifically the Fifth Amendment and the Fourteenth Amendment, and state that the actions are brought under 42 U.S.C. section 1983 and 18 USC section 1961 *et seq*.

1

1    Because Plaintiff's cause of action arises under the Constitution and laws of the United

2    States, this Court would have original jurisdiction of the case pursuant to the provisions of 28

3    U.S.C. section 1331, and the action may therefore be removed to this Court by defendants

4    pursuant to the provisions of 28 U.S.C. sections 1441(b) and (c).

5    Copies of all process and pleadings served on defendants in the above-entitled action are

6    attached hereto. This Notice of Removal is filed with this Court within thirty days after Defendant

7    City of San Diego was served with the Complaint filed in San Diego Superior Court.

8    Dated: September 2, 2008

MICHAEL J. AGUIRRE, City Attorney

By    _____
      Walter C. Chung
      Deputy City Attorney

Attorneys for Defendants
Jerry Sanders and Scott Peters

RECEIVED
CITY CLERK'S OFFICE

08 AUG -5 AM 10: 13

SAN DIEGO, CALIF.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

2008 AUG -1 A 9 53

SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JERRY SANDERS, in his capacity as strong mayor of the City of San Diego, SCOTT PETERS, City of San Diego, District 1 Council Member, Does 1-50, Inclusive. Defendants

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RODNEY M. WATKINS, on behalf of himself and all others similarly situated, Plaintiff, in pro per

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR SAN DIEGO COUNTY, CENTRAL DIVISION, 330 West Broadway, San Diego, California 92101

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RODNEY M. WATKINS, 4564 Mississippi Street, # 6, San Diego, California 92116-2855
619-341-1900, Plaintiff in pro per

COPY TO: CITY ATTORNEY ✓
RISK MANAGEMENT ✓
DATE   8/5/08
DCC NAME   Rn

DATE:
*(Fecha)*   AUG 0 1 2008

Clerk, by **S. LITTLE**
*(Secretario)*

, Deputy
*(Adjunto)*

RECEIVED BY: MAIL ✓

ORC
ID
DEPT. NAME

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   CITY OF SAN DIEGO

under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☒ other *(specify):*   GOVERNMENT ENTITY
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.   www.USCourtForms.com

RODNEY M. WATKINS
4564 Mississippi Street, # 6
San Diego, CA  92116-2855

Tel: 619-341-1900

Plaintiff in Pro Per

FILED
CIVIL BUSINESS OFFICE D 3

2008 AUG -1  A 9 53

SAN DIEGO COUNTY, CA

SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR SAN DIEGO COUNTY

CENTRAL DIVISION

| | |
|---|---|
| RODNEY M. WATKINS, on behalf of himself and all others similarly situated )<br><br>Plaintiff )<br><br>-v- )<br><br>JERRY SANDERS, in his capacity as Strong Mayor of the City of San Diego; )<br>Scott Peters, City of San Diego, District 1 )<br>Council member, )<br>Does 1-50, inclusive, )<br><br>Defendants )<br>———————————————————) | Case Number  37-2008-00088865-CU-BT-CTL<br><br>COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; AND TO RECOVER FUNDS ILLEGALLY EXTORTED FROM PLAINTIFF AND THE CLASS, DAMAGES (RICO), ATTORNEY'S FEES AND COSTS |

THE PARTIES:

Plaintiff:

1. Plaintiff is a resident, citizen, and taxpayer of the City of San Diego. He is the owner of a small business engaged in educational, and recreational scuba and kayak tours in the La Jolla Cove and La Jolla Shores area of the City of San Diego centering mainly on free and unrestricted access to the open ocean navigable waters containing the La Jolla Underwater Park Ecological Reserve. These navigable waters will be called the "reserve". Plaintiff is a former adjunct professor at San Diego State University. His personal claim and cause of action herein is typical and representative of the class he represents. Plaintiff, and each member of the class, has legal standing to raise a claim of harm to the public trust as well as to sue to protect the public trust; and the California Supreme Court has so decided. Plaintiff alleges upon information and belief, on

behalf of himself and all other affected businesses who depend upon *free and unrestricted access to navigable waters as understood by the California Constitution and Government Code section 39,933* as a class, the following:

The Defendants:

2. Defendant Jerry Sanders, is the incumbent "strong" mayor of the City of San Diego, and as a result thereof, he has succeeded to and presently possesses the executive and decisional  powers formerly possessed by and exercised by the City Manager of San Diego, California . Said defendant mayor has in fact exercised those powers to the detriment of plaintiff and his class. The City of San Diego is a California Charter City. The mayor is the ultimate decision maker for the administration of the city of San Diego's so-called  entrepreneurial enterprise public/private partnership" EP" activities which touch and concern public city beaches which front along the Pacific Ocean and navigable waters leading thereto. He is sued in both his official and individual capacity.

3. Scott Peters, and the remaining fictitious defendants identified as Does 1-50 who are presently unknown to plaintiff and they therefore are sued in this capacity, both as individuals and in their past or present official capacities. They are, or were, policy making individuals within the City administration, and as such, are or were, instrumentalities in carrying out the illegal and extortionate actions referred to herein. They may or may not be or have been, within the Parks and Recreation Department pursuant to SDMC 63.20 or the City Assets Department, pursuant to SDMC 63.20.1. Plaintiff is informed and believes that there is presently a "turf battle" because a request for proposal "RFP" process has been implemented with regard to beachfront businesses and surf camp enterprises; the successful bidders in the RFP pays the city a large permit fee which produces a substantial and significant profit to the City over and above the associated costs of City provided services. These profits go into the city general fund as non-appropriated funds income. Each person so sued as a Doe herein is believed to be  entitled to be defended and/or indemnified

1  as to costs, expenses and fees of litigation by the City of San Diego pursuant to Government Code

2  sections 820 , 825 as well as each is entitled to individual counsel.

3

4         4. Plaintiff alleges that it is illegal for the City, as a fiduciary of California statewide

5  public trust properties, to rent out for a general fund profit to the City of San Diego, public trust

6  assets which are owned  for the use and benefit of the citizens of California at large and which are

7  not  municipal or City owned fee  property in fact even though knowingly and falsely asserted to be

8  such and to skim of the profits from the statewide public trust properties for purely City purposes.

9

10         5 In addition to the contracted for RFP permit fee, the RFP public/private partnership

11  contracts also provide for 10% of the gross business income over and above the stated base permit

12  fee to be paid to the City's general fund as non-appropriated income. By the terms of the City

13  Charter, section 40, the then incumbent City Attorney must approve all contracts, and the failure to

14  do so will render contracts unenforceable and void. Plaintiff  is informed, believes, and therefore

15  alleges that the present  incumbent City Attorney may be personally unaware of the Constitutional

16  and Statutory provisions referred to herein because of the size of the civil division staff and powers

17  delegated thereto. Plaintiff is further informed and believes that various staff has short-stopped,

18  filtered, and diverted information about this problem to the extent that the incumbent City Attorney

19  has been kept isolated and in the dark concerning these issues.

20

21        6. Plaintiff is informed and believes and therefore alleges that the City Assets

22  Department has claimed that as a profit making EP venture, it should have control over the so-

23  called public/private La Jolla Shores beach activities rather than the City Parks and Recreation

24  Department as provided for pursuant to SDMC  Article 3.  Each of these defendants are authorized

25  or ratified  agents, or employees of each other, each aided and abetted the other within the scope of

26  their agency or employment, and each conspired with the other to do the things described herein.

27

28

-3-

7. The defendants, and each of them, have denied the plaintiff and the class which he represents of their Constitutional and statutory right to free and unobstructed access to the navigable waters public trust locations; and to the honest and lawful administration of the within described public trust assets in violation their right to due process of law, their civil rights under 42 USC 1983; and that this conspiracy to illegally extort a money from citizens to use and access the otherwise free and unobstructed use public trust properties constitutes an ongoing criminal enterprise as defined in 18 USC 1961 et. seq. This court has concurrent jurisdiction with federal courts over the RICO claims asserted herein and described above.

PELIMINARY MATTER: FILING AND REJECTION OF CLAIM

8. Plaintiff has duly filed a written formal claim against the city seeking return of his illegally collected permit fees; and such claim was formally rejected in writing on May 22, 2008.

SUBJECT MATTER OF THE CONTROVERSY; THE PUBLIC BOAT LAUNCH AT LA JOLLA SHORES

9. The La Jolla Shores area and the reserve are scenic and ecological treasures of national significance. There is, at the terminus of Avenida de la Playa, an improved public street, in the La Jolla Shores area of the City of San Diego, a public boat launch site. This is the only public boat launch site in San Diego with immediate, unobstructed vehicular access to navigable open ocean waters off the La Jolla Shores area.  This boat launch site is unimproved. The end of the street empties onto the small dry sand area between the street and the unrestricted public beach; "public" beach is defined as that area located seaward from the mean high tide line. There is a non-fee recorded easement at the terminus of Avenida de la Playa in favor of the City for access to the public beach according to City records  This same easement is also a right of way access to navigable waters within the meaning of the California Constitution, Article X, Section 4; and Government Code section 39,933 .The adjoining property to the South is owned by the La Jolla Beach & Tennis Club; the adjoining property to the north is owned by the La Jolla Shores Hotel.

-4-

10. This non-fee easement for public beach access via this area was granted to the public at large as part of the original recorded subdivision map. The defendants, and each them knew, or should have known the applicable law before it instituted the EP permit system; but they deliberately ignored the law with conscious, oppressive, callous, and reckless disregard of the same and its actions in flagrant disregard of the facts and the law has resulted in economic and emotional damage to this plaintiff and his class.

**APPLICABLE STATUTORY AND CALIFORNIA CONSTITUTIONAL PROVISIONS: PREEMPTION**

11. California Constitution; Article .X, Section .4 reads: "No individual, partnership, or corporation, claiming or possessing the frontage of tidal lands of a harbor, bay, inlet, estuary ,or other navigable waters of this State, shall be permitted to exclude the right of way to such water whenever it is required for any public purpose, nor to destroy or obstruct the free navigation of water, and the legislature shall enact such laws as will give the most liberal construction to this provision, so that access to navigable waters of this State shall be always attainable to the people thereof."

Public purpose is expansive, and includes, among other things, recreational, as well as Commercial, access to Navigable open ocean water for such activities as boating, fishing, surfing, Fishing, and scuba activities.

12. California Government Code Section 39,933 provides that:

"All navigable waters situated within or adjacent to [a]city shall remain open to the free and unobstructed navigation of the public. Such waters and the water front of such waters shall remain open to free and unobstructed access by the people from the public streets and highways within the city. Public streets, highways, and other public rights of way shall remain open to the free and unobstructed use of the public from such waters and water front to the public streets and highways."

13. The public boat launch is at the terminus of a public street, Avenida de la Playa. It is the only reasonable public access to the beach at that point useable for kayak launching, for touring as well as for fishing; it can also be used, and is used, for beach access for surfboarding as well as swimming. This area is within the definition of access to navigable waters as understood by the Article X, Section 4, and Government Code 39,933 and is a public trust as defined by law. The Constitution as well as the Government Code bar conveyance of rights free of the trust except to

serve trust purposes. Therefore, the City of San Diego is a fiduciary as a matter of law with regard

to such public trust lands. Kayaks and private boats which use this site must be transported by car

or truck to such site to be off-loaded and retrieved and on-loaded back into such vehicles in order

to vacate the site quickly so as not to block others from use of such site. Plaintiff is able to

accomplish this requirement by use of a dual wheeled truck without incident. That the said

Constitution, Article X, section 4; and Government Code section 39,933 fully occupy the field

relating to the free and unobstructed access to navigable waters, and the Pacific Ocean; the

various municipalities, including the City of San Diego, are deprived of jurisdiction to regulate or

control access thereto and all municipal code ordinances with regard thereto are preempted and

void for lack of subject matter jurisdiction.

14. That tidelands and the waters seaward of the La Jolla and La Jolla Shores are

navigable waters as understood by the California Constitution and Government Code section

39,933, and said tidelands, beach area, and access to Pacific Ocean waters have been historically

used as such by the general public for recreational, and commercial purposes since the memory of

man .

THE CONTROVERSY

15. As a result of general taxpayer and voter discontent which resulted in

Propositions 13, 218 and other analogous voter rejection of tax and fee propositions, the ability of

municipalities to levy taxes or increase fees has been curtailed. Because of this, the City of San

Diego, by resolution , No. 94-768 (11/03/93), has embarked upon what they conceive of as an

entrepreneurial or public/private *partnership* program "EP" centered upon and managed by the

Parks and Recreation Department. This "scheme" will be called hereinafter just the "EP". The then

City Attorney, by Legal Memorandum 93-85 advised the City and that its activities pursuant to this

"EP" would be "going naked" with regard to the various established legal defenses and immunities

that might otherwise be available to it, as a municipality, in the event of litigation. Therefore, having

-6-

1  been so warned in writing, the actions of the defendants, and each of them, were willful, intentional,

2  ultra vires, and in flagrant and reckless disregard of the consequences of their actions and in

3  deliberate indifference to  their sworn duty to uphold the Constitution of the State of California and

4  all laws in furtherance thereto; and in breach of their fiduciary obligations.. One example of this

5  reckless indifference is the city's present pension fund mess, as well as the city's current desperate

6  financial crisis.

7

8      16. Pursuant to this EP program the City has embarked upon non-appropriated fund

9  raising schemes such as these various Requests for Proposals for exclusive access by private

10  business to, for a fee or paid permit , to use of City recreational Assets that were otherwise

11  administered for the use and benefit of the public at large . Because the City shares the profits,

12  charges to the public at large by these public/private partnerships are more expensive than

13  formerly because the private contractor is not limited by law to actual cost recovery fees, and it is

14  motivated by what traffic will bear, thus the citizen/consumer is thereby exploited into paying more

15  for the same thing that he paid to the City in the past. The City has no incentive to hold costs down

16  because it shares in these escalated profits. This RFP scheme is essentially renting out of public

17  properties to private business to raise non-taxpayer generated funds which are obscured from

18  taxpayer scrutiny. The successful RFP bidders concerned are now granted exclusive use of such

19  recreational facilities under contract terms such as a flat minimum yearly fee prorated monthly,

20  plus a stated percentage of the revenue; for example, in the publicized RFPs for the surf camp

21  beach locations  this is stated as 10% of the gross income beyond the  specified flat minimum rate.

22  Without regard to the legality of the EP to non-beach front or access to tidelands, this EP/RFP

23  scheme is specifically illegal as to ocean or beach front enterprises because it denies the general

24  public at large the free and unobstructed access to statewide public trust navigable waters as

25  defined in the Constitution and Government Code .

26

27      17. Therefore, a non-EP/RFP permit small business owner can be denied and is

28  being denied the "free and unobstructed access to the ocean navigable waters" of the Pacific

Ocean off San Diego to which he is entitled by virtue of the California Constitution and the Government Code.

18. Therefore this EP/RFP process is illegal and in defiance of the California Constitution as well as the Government Code; and this scheme is executed with willful and conscious disregard of plaintiff's, and the class members, rights under the law because the public trust doctrine bars conveyance of such rights of access by a municipality.

19. The proceeds realized from the illegal renting out of public trust properties, which belong to the People of California, statewide, are in the nature of trust funds. If a private fiduciary diverted trust funds for his personal use and benefit, such as the city of San Diego has done here, with the advice, connivance, aid and assistance of the Doe defendants, this would be criminalized.

20. That San Diego Municipal Code section 63.63 makes it unlawful for any person to make use of any municipal recreational facility for which a fee, ticket or *permit* has been established ...without first having obtained the required permit or ticket or paid the required fee. Thus the city has the apparent as well as the actual ability by use of the criminal law enforcement ability to exclude a non-RFP permit holder from free and unobstructed access to navigable waters by use of municipal code criminal sanctions. This denies persons, such as the plaintiff, and the members of the class he represents, including those who wish to access ocean waters for surf instruction, the free and unobstructed rights guaranteed to them by the California Constitution and the Government Code, because they can be subjected to criminal prosecution if they do not have the permit from the city to conduct an otherwise lawful business in such navigable waters even though they have the Constitutional and statutory right to do so "free and unobstructed".

21. These code sections and this EP scheme deprives the public at large of their unequivocal legal right to free and unobstructed access to navigable waters as guaranteed to them

by virtue of said Constitution and Government Code provisions, and is also an act of deliberate and conscious oppression by the City of San Diego, and each defendant, jointly and severally.

22. By manipulating or restricting issuance of the number of permits in favor of preferred bidders, non-permit holders can be put out of business entirely. The city has naively suggested that those who do not get permits can "piggyback", for a fee, on those permits issued to successful bidders.

23. This is ingenuous, illegal and impractical; and violates Amendments V and XIV of the US Constitution as well as California Constitution Art. I, sec. 7(a) and (b); even though some kayak operators reportedly are said to have so "piggybacked" with other permit holders.

24. Because by reason of SDMC 63.63 a person or entity without such a permit who obtains access to a municipal recreation facility, such as navigable waters , is subject to criminal prosecution, plaintiff seeks a declaration and order from this court that neither the permit process nor the said SDMC section applies to kayak, surf camp operators, kayak fishermen,  or all other persons or businesses which use or requires access to navigable waters as defined by law, and that the City be enjoined, and forbidden to enforce against plaintiff or the members of the described class the provisions of such permit process.

25. In addition, the plaintiff asks that all fees or costs paid for such permits be disgorged and returned to those who have paid them; that the use of this criminal sanction to force a kayak operator to pay a permit fee to get what should be cost free and unobstructed access to navigable waters be declared illegal, unenforceable and an unlawful and extortionate practice. Plaintiff asks that it should so be declared and adjudged to be such because it violates California Constitution  Art I, sec. 7(b) among other reasons. Kayak operators as a group, already have a business license paid for and issued to them by the City.

26.  That plaintiff is informed, and believes that the defendants, and each of them, have instituted or are planning to institute a public/private partnership permit process for kayak operators  and a proposed RFP, such as already exists for the surf camps, is being circulated for kayak tour operators, and kayak rentals,  scuba instruction and guided scuba excursions.  Each of these businesses require free and unobstructed access to the above described navigable waters off the La Jolla Shores beach areas; as well as to all  other San Diego beachfront areas. The kayak RFP is reportedly similar to that which the city has already in fact entered upon for surf instruction day camps along the various San Diego beaches. Each of these businesses require free and unobstructed access to the Pacific Ocean beachfronts to exist; and this is specifically guaranteed by the Constitution and statute.

27 These surf instruction "camps" are non-residential.  They generally operate on a per day or portion of a day basis. These surf camps are charged by the city a minimum permit fee of up to $22,000 per year, prorated monthly plus 10 % of the gross revenue as so calculated. See www.sandiego.gov/real-estate-assets/pdf/rfpsurfcamp.pdf for the terms of the RFP.

28. These various RFP permit holders so occupy and overcrowd the public beaches and tidelands to the degree that their presence significantly impedes and obstructs free access by the general public to the public beach, a statewide public trust, in violation of the cited California Constitution and Government Code.  Various La Jolla Shores area residents have complained that the presence of so many "vomit colored" kayaks in the ocean offshore of the area pollutes the otherwise uncluttered and aesthetic view of the ocean. Plaintiff is informed, believes, and therefore alleges that the overcrowding of the beach access to the ocean in the La Jolla Shores area has had a deleterious effect on the ecological marine reserve sea life populations by virtue of this overcrowding of the ocean front by the NSV operators.

29. That by reason of the permit requirement as well as the RFP process, the plaintiff and the general public's free and unrestricted access to the "reserve" as well as the tidelands and

beach areas referred to in this RFP is impaired and obstructed in violation of the above cited

constitutional and statutory provisions. It also appears to provide exclusivity in and to the RFP

permit holders so as to be able to monopolize the use of the otherwise public boat launch area; and

it excludes, with criminal sanction, those business members of the general public who do not hold

permits to use the otherwise public boat launch to launch their kayaks or boats .

30. It also denies non RFP-permit holders, who are still members of the public at

large, free and unrestricted access to beach resources held in the public trust in violation of the

same constitutional and statutory provisions cited above; by reason of what is a over saturation of

the sole access point; and this also stifles competition because it will favor permit holders who will

be and are free to charge whatever the traffic will bear to the detriment of the lower prices free and

open competition would bring.

**PAST HISTORY**

31. That in its zeal to maximize its illegal, oppressive, and extortionate permit revenue, the

City summarily increased the permit fee for access to the reserve and ocean waters off La Jolla

Shores by way of the Avenida de la Playa boat launch site from the former $500 per year to the

unreasonable $500 per month permit fee without notice, hearing or voter approval. When

challenged at a public meeting to document the power to charge for beach access via the boat

launch site, the District 1 representative publicly claimed that the City "owned " the boat launch site

and the beachfronts and essentially claimed that the City, as the owner, had all necessary and

unrestricted power to charge what traffic would bear for the use thereof. This was and is not true,

and she knew or should have known that fact, then and there.

32. This precipitous raise in the boat launch area kayak launch permit fees is clearly in

violation of Proposition 218 because it is an increase in a tax or levy not subjected to voter

approval.  This increase is far in excess of the legally allowable recoverable costs permitted by law.

-11-

Permit fees such these  which are collected in a sum in excess of reasonable recovery of actual

costs of service, as a matter of law, are considered to be illegally assessed and collected  taxes .

Therefore these permit fees should be refunded to each and every kayak operator who has paid

them within the last 10 years; plus attorney's fees and costs for the recovery of such illegally

collected taxes disguised as  permit fees.

33. Because there are in fact  no facilities provided and the above cited

Constitutional and statutory provisions, the City had no right to even collect a cost recovery  permit

fee  *ab initio* , nor do they have any right to seek a RFP for a public/private partnership to have

exclusive use of any La Jolla Shores or any other city beach  site for any recreational water sport or

entertainment purpose which requires access to navigable waters from ocean front beaches

because those are held in trust for the general  public of the State of California at large, not just the

City of San Diego. Therefore, these permit fees are an illegal tax which should be disgorged to

those who paid the same plus interest.

34. That there is a conceded, uncontested , and judicially determined right in a

municipality to assess a reasonable, cost recovery fee of the use by the general public when

special facilities are provided; subject to the requirement that such fee may not exceed the

reasonable actual cost of providing such facilities or services. The law is settled and uniform that

any fee assessed in excess of actual and reasonable cost recovery is considered to be an illegal

tax. However, there is in fact no dedicated service nor specific city provided service related to or

dedicated to this boat launch site. Therefore there are no legally authorized costs to recover.

14. That there is in fact a lifeguard tower some block or so to the north which provides life

guard services for the Kellogg Park swimming area seaward of that park. There is no special fee

charged to the general public for use or access to the Kellogg Park beach. These lifeguard services

are provided without cost or fee to the general public at large at Kellogg Park and only casual or

incidental scrutiny is afforded to the boat launch area by those lifeguards.

14. Prior to 2006, the permit fee for use of the public boat ramp was $500 per year for each permit holder who used that boat launch area to launch kayaks into the waters off the terminus of Avenida de la Playa in order to access and tour to the underwater ecological reserve. This permit fee had no relation to nor was it based upon the number of kayaks a permit holder possessed in inventory, or used on any given day. Plaintiff owns 15 or so kayaks and has about three tours with less than 17 guests each on a good day. Other kayak rental stores along Avenida de la Playa in the North Shores Village, "NSV", own or have in inventory and rent substantially more kayaks than non-NSV operators; some NSV kayak operators stock as much as 150 kayaks. However, each kayak permit holder pays the identical fee without regard to the number of inventory kayaks or those launched at any one time or the overall impact of such operations of the water front area. Plaintiff's educational tours conducted by college educated guides are usually much longer time wise than the usual NSV charged by the hour rental or accompanied paddle-cruise recreational outings.

15. Plaintiff has been operating tours launched from this boat ramp for many years. And, over the years, the number of kayak operators has escalated in both numbers and size of stock of rental kayaks owned or operated by the various businesses along Avenida de la Playa. There is little quarrel with the idea that on summer holidays, there may be close to 200 kayaks in the water on a given day. The majority of which are NSV rentals, mostly from the Avenida de la Playa operators. This results in beach front over saturation by the large volume NSV kayak operators to the detriment of smaller operators who have less inventory, as well as it impedes free and unobstructed access to the launch site by other non-NSV kayak owners as well as to the general public. This over saturation also results in parking problems which infuriate the local homeowners, who, as a group, not only have individual cars for both husband and wife but also for their various children; in addition, the social atmosphere is such that there is little or no parking for guests of those homeowners who visit in anticipation of easy walking access to the beach.

16. Over time, the Avenida de la Playa, North Shores Village (NSV) kayak operators have begun to conceive of Kellogg Park beach as well as the public boat launch area as their private

fiefdom. There is a community based activity group known as the La Jolla Shores Association

(LSA). The LSA board is dominated by the commercial kayak and surf camp operators whose

storefronts string along Avenida de la Playa.  Approximately 50% of the board of LSA, is composed

of those kayak and surf instruction operators whose storefronts are located along said street. It is

obvious that access to the Pacific Ocean is essential and an integral part of learning to surf or to

conduct kayak tours of the marine reserve-the soul of the business so to speak. Because of the

world famous nature of the La Jolla Shores beach front location and La Jolla Underwater Park

Ecological Reserve, and the proximity to Scripps Pier tourists come there from all over nation as

well as the world. It is truly a major tourist attraction, which is why the City is trying to somehow

squeeze the surf instruction business operators, kayak and scuba operators into sharing some of

their income with the City. However, the law and the California Constitution explicitly forbids the

City, or anyone else, to do this.  They each specify that the "free" as well as the "unobstructed"

access to the navigable waters, shall be afforded to the people at large and therefore under the

universal  understanding of the public trust doctrine, these navigable waters and access thereto are

held in trust for all the People of the State of California, not the municipality of San Diego, and

access thereto must be "free", which means without charge.


        17. The LSA, by political contributions to District 1 politicians and lobbying the San Diego

City Council, has caused to be inserted as part of the rules and regulations which appear on the

back of the kayak operators permits regulating management of the boat launch site. These rules

have created unnecessarily burdensome obligations which appear designed to impede free and

unobstructed access to the beach and drive away outside or non-NSV competition; for example,

there is a inconvenient and irrational time limit within which to off-load or on-load kayaks delivered

or retrieved from the beach. SDMC section 63.20.10 is a regulation for use of this boat launch area.

There is only one such site in the city; the one at La Jolla Shores. The code provides that vehicles

shall not be left unattended in a boat launch zone and shall not be "parked" for periods in excess of

five minutes. It is physically impossible to off-load or on-load a vehicle containing multiple kayaks

within this short period of time. While "parked" is vague and is not usually synonymous with actual

-14-

loading or unloading, the local lifeguards attempt to conflate the two in apparent selective
enforcement aimed at non-NSV kayak operators. Within four years last past, Plaintiff has actually
been cited by a lifeguard and charged with the misdemeanor of "abandoning" a kayak for leaving it
unattended for 15 minutes. This took place in August, 2004 and was in furtherance of the above
described continuing criminal enterprise described herein and in furtherance of the Racketeer
Influenced and Criminal Organization enterprise described herein, This lifeguard citation resulted is
an infraction conviction of SDMC 63.20.22(a) but still a criminal record which has caused plaintiff
great emotional distress and injury; to his damage and detriment in the sum of $250,000. Plaintiff
also asks that this conviction be vacated and the record thereof be sealed and declared void for
lack of subject matter jurisdiction.

    18. That same section makes unlawful to allow a vessel , and a kayak is a vessel as defined
by law, to be left in a boat launch area for a period in excess of 15 minutes  and a total of 30
minutes in any one day. However, pursuant to pressure from the NSV kayak rental operators, the
City is now permitting these rules to be skirted by allowing permit holders to leave their rental
kayaks on the beach in between rentals. This creates an unfair advantage to outside or non-NSV
permit holders who have to truck in their kayaks and load and unload them under the unrealistic
time frames mentioned above. In addition, allowing those NSV kayak operators to leave their
kayaks on the beach while others must conform to the cumbersome on and off loading
requirements, and the 15 minute rule, this creates a factually economic advantage to the NSV
operators as well as an economic disadvantage to non-NSV operators, those whose business is
located elsewhere and who must truck in their kayaks with the additional exorbitant fuel cost. This
is unfair discrimination and restraint of fair trade and leads to in fact monopolization of the said
boat ramp by the NSV operators.

DISCRIMINATORY PRICING

-15-

24. That the city and each defendant should be assessed money damages, jointly and severally, in an amount equal to thrice the illegal sum collected, as well as exemplary damages according to proof also in a sum equal to thrice the damages as computed above.

**WHEREFORE PLAINTIFF PRAYS;**

.1. For the relief requested above, to wit declaratory relief as prayed for above; an appropriate injunction and order to the city, and Does 1-50 to cease and desist from collecting the above described ultra vires and illegally collected permit fees; and that the city be ordered to disgorge and return to those who paid them, these said extortionate fees, together with legal interest thereon .

2. For to plaintiff and the class, money damages according to proof in a sum equal to three times the amount illegally collected; and exemplary damages according to proof in a sum equal to three times the money damages award; and $250,000 to plaintiff as the result of tortous criminal prosecution referred to above.

3. That plaintiff's conviction of violation of SDMC sec. 63.20.22 be vacated and declared void; and that all records in San Diego Superior Court case no. M-940176 be sealed.

3. Attorney's fees and costs computed pursuant to CCP sec.1021.5.

4. Such other relief as may be just and proper.

Dated: August 1, 2008

**RODNEY M. WATKINS,**

Plaintiff, in pro per.

-18-

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Rodney M. Watkins<br>4564 Mississippi Street, #6<br>San Diego, CA 92116-2855 | FILED<br>CIVIL BUSINESS OFFICE 13<br><br>2008 AUG -1 A 9 53<br><br>SAN DIEGO COUNTY, CA |

TELEPHONE NO.: 619- 341-1900   FAX NO.:

ATTORNEY FOR (Name): pro per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 330 West Broadwayt
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

CASE NAME:
Watkins v Sanders et.al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2008-00088865-CU-BT-CTL |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ✓ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel      e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence        f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ✓ punitive
4. Number of causes of action (specify): one
5. This case ✓ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 1, 2008

Rodney M. Watkins
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | RECEIVED CITY CLERK'S OFFICE | FOR COURT USE ONLY |
|---|---|---|
| Rodney M. Watkins<br><br>4564 Mississippi Street # 6<br>San Diego, CA 92116-2855<br>TELEPHONE NO.: 619-341-1900<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Pro Per | 08 AUG -5 AM IO: 12<br>FAX NO. *(Optional)*:<br>SAN DIEGO, CALIF. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
 STREET ADDRESS: 330 West Broadway
 MAILING ADDRESS:
 CITY AND ZIP CODE: San Diego, CA 92101
 BRANCH NAME: Central

PLAINTIFF/PETITIONER: Rodney M. Watkins

DEFENDANT/RESPONDENT: Jerry Sanders, Mayor of San Diego, et.al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2008-00088865-cu-bt-ctl |
|---|---|

TO *(insert name of party being served)*: ELIZABETH MALAND, CITY CLERK

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 8/02/2008

RICHARD S. HENDERSON
(TYPE OR PRINT NAME)                                     ▶          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify)*:
   Civil Case Cover Sheet; Notice of Case Assignment with SDSC Civ -721 ADR Information Package; Blank Stipulation to Alternative Dispute Resolution Process,SDSC Civ-359;self addressed stamped envelope;

*(To be completed by recipient)*:

Date this form is signed:

_____          ▶          _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                  ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 154663    — TC**

**September 03, 2008
16:14:10**

**Civ Fil Non-Pris**
USAO #.: 08CV1615
Judge..: THOMAS J WHELAN
Amount.:                    $350.00 CK
Check#.: BC042474

**Total—>   $350.00**

FROM:  RODNEY WATKINS
            VS
        MAYOR JERRY SANDERS

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Rodney M. Watkins

**DEFENDANTS**
Mayor Jerry Sanders, Council member Scott Peters

`08 CV 1615 W BLM`

(b) County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**FILED**
**SEP - 2 2008**
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
In Pro Per

Attorneys (If Known)
Walter C. Chung, Deputy

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983
Brief description of cause:
Civil rights violation for blocking access to navigable waters

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 250,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions:)   JUDGE _____   DOCKET NUMBER _____

DATE 09/02/2008
SIGNATURE OF ATTORNEY OF RECORD  _[signature]_  ATTORNEY FOR DEFENDANTS

**FOR OFFICE USE ONLY**
RECEIPT # 154663   AMOUNT $350   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____
JAC 9/3/08

1  MICHAEL J. AGUIRRE, City Attorney
2  WALTER C. CHUNG, Deputy City Attorney (SBN 163097)
        Office of the City Attorney
3        1200 Third Avenue, Suite 1100
        San Diego, CA  92101-4100
4        Telephone:  (619) 533-5800
5        Facsimile:   (619) 533-5856
        wchung@sandiego.gov
6  Attorneys for Defendants
7  Jerry Sanders and Scott Peters

**FILED**

SEP - 2 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8              UNITED STATES DISTRICT COURT

9         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  RODNEY M. WATKINS,                          ) Case No. **08 CV 1615 W BLM**
                                                )
12              Plaintiff,                      ) (San Diego Superior Court Case No.
                                                ) 37-2008-00088865-CU-BT-CTL)
13         v.                                   )
                                                )
14  JERRY SANDERS, in his capacity as Strong    ) PROOF OF SERVICE BY MAIL
15  Mayor of the City of San Diego; SCOTT       )
    PETERS, City of San Diego, District 1, Council )
16  member, DOES 1-50, inclusive,               )
                                                )
17                                              )
            Defendants.                         )
18                                              )

19

20         I, Jean E. Peters, the undersigned declare that I am, and was at the time of service of the
    papers herein referred to, over the age of eighteen years and not a party to the action; and I am
21  employed in the County of San Diego, California, in which county the within-mentioned mailing
22  occurred. My business address is 1200 Third Avenue, Suite 1620, San Diego, California, 92101

23         On Tuesday, September 02, 2008, I caused to be served the following document described
24  as:

25     •     Defendants' Jerry Sanders' and Scott Peters' Notice of Removal of Civil

26           Action [28 U.S.C. § 1446]

27

28  in this action by placing the true copies thereof enclosed in a sealed envelope addressed as follows:

1

PROOF OF SERVICE BY MAIL

Case No.:

1
2
3
4

| Rodney M. Watkins<br>4564 Mississippi Street, #6<br>San Diego, CA  92116-2855<br>Tele: (619) 341-1900<br><br>**Plaintiff in Pro Per** | |

5
6
7

[ X ]    **(BY MAIL)**   I served the individual named by placing the documents in a sealed envelope.  I then placed it for collection and mailing with the United States Postal Service this same day, at my address shown above, following ordinary business practices.

8
9
10
11
12

[  ]    **(BY FAX)**   At _____, I transmitted the above-described document by facsimile machine to the above-listed fax numbers. The transmission originated from facsimile phone number (619) 236-6018 and was reported as complete and without error.  The facsimile machine properly issued a transmission report, a copy of which is attached hereto. [CCP section 1013(e); CRC Rule 2.306].

13
14

[  ]    **(BY OVERNIGHT DELIVERY)**   I caused the envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s). [CCP.section 1013]

15
16
17
18

[  ]    **(BY PERSONAL SERVICE)**   I served the individual named by personally delivering the copies to the offices of the addressee.

Time of delivery: _____ a.m./p.m.  Person served: _____

19
20

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on Tuesday, September 02, 2008, at San Diego, California.

21
22
23
24

Jean E. Peters

25
26
27
28

2

PROOF OF SERVICE BY MAIL

Case No.: