1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY M. WATKINS, et al.,<br><br>                                Plaintiffs,<br>    vs.<br>JERRY SANDERS, in his capacity as<br>Strong Mayor of the City of San Diego,<br>et al.,<br><br>                              Defendants. | CASE NO. 08-CV-1615-W-BLM<br><br>**ORDER GRANTING MOTION TO DISMISS (DOC NO. 2.)** |

On August 1, 2008, Plaintiff Rodney M. Watkins commenced this action against Defendants Jerry Sanders and Scott Peters. Watkins is the owner of a small business which conducts scuba and kayak tours in the La Jolla Cove area of San Diego. Defendant Sanders is San Diego's strong mayor and Defendant Peters is the District 1 City Council Member. Watkins alleges, among other things, that Defendants are implementing a request for proposal process that violates statutory and constitutional provisions regarding unobstructed use of the Pacific Ocean.

On September 8, 2008, Defendants filed this motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim. Watkins filed an opposition.

08-CV-1615

Defendants filed a reply, along with an application for leave from the applicable page limits.

The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1(d.1).  As a preliminary matter, the Court **GRANTS** Defendants' motion for leave from the page limits.  (Doc. No. 11.)  Additionally, for the reasons stated below, the Court **GRANTS** Defendants' motion to dismiss (Doc. No. 2), and **DISMISSES** the complaint with leave to amend.

# I.   BACKGROUND

Watkins is a San Diego resident and the owner of a small business engaged in recreational scuba and kayak tours in San Diego's La Jolla Cove and La Jolla Shores area.  (*Compl.* ¶1.)   Watkins alleges that the City has initiated a request for proposal ("RFP") process, such as the one currently applied to surf camps, which will be implemented upon the kayak business.  (*Id.* ¶¶3, 15, 16, 26.)  Watkins claims that the RFP process is part of an entrepreneurial or public/private partnership program that was developed and adopted by the City in 1993.  (*Id.* ¶15.)

Watkins alleges that the RFP process violates numerous statutory and constitutional provisions including California Government Code § 39,933 and Article X Section 4 of the California Constitution, as well as 42 U.S.C. §1983 and 18 U.S.C. §1961.  (*Compl.* ¶¶7, 20, 21, 23, 25.)  Watkins further alleges that San Diego, through a regulatory permit requirement, exacts fees that amount to an illegal tax obstructing the use of the Pacific Ocean along the La Jolla coastline.  (*Id.* ¶¶20, 22, 25, 27, 31, 33.)

On April 3, 2008, Watkins filed a claim against the City seeking the return of his allegedly illegally obtained permit fees.  (*Compl.* ¶8.)  On May 22, 2008, the City formally rejected the claim.  (*Id.*)  On August 1, 2008, Watkins filed the instant action in the San Diego Superior Court challenging the proposed RFP and seeking the return of his permit fees.  On September 2, 2008, Defendants removed based on Watkins' claims for violation of his federal constitutional rights, and 42 U.S.C. §1983 and 18

1  U.S.C. §1961.  On September 8, 2008, Defendants filed this motion to dismiss pursuant
2  to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

3

4  **II.   LEGAL STANDARDS**

5  **A.   Rule 12(b)(1) Motion to Dismiss.**

6  Rule 12(b)(1) provides that a court may dismiss a claim for "lack of jurisdiction
7  over the subject matter[.]" Fed.R.Civ.P. 12(b)(1).   Although the defendant is the
8  moving party in a motion to dismiss, the plaintiff is the party invoking the court's
9  jurisdiction. Therefore, plaintiff bears the burden of proof on the necessary jurisdictional
10  facts. McCauley v. Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001).

11  "Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance
12  of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing
13  rely on affidavits or any other evidence properly before the court." St. Clair v. City of
14  Chico, 880 F.2d 199, 201 (9th Cir. 1989) (citing Thornhill Publishing Co. v. General
15  Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979)); see also Marriot Intern., Inc. v.
16  Mitsui Trust & Banking Co., Ltd., 13 F. Supp. 2d 1059, 1061 (9th. Cir. 1998).

17  Jurisdiction cannot be waived, and the court is under a continuing duty to dismiss
18  an action whenever it appears the court lacks jurisdiction.  Fed.R.Civ.P. 12(b)(1);see
19  also Snell v. Cleveland, 316 F.3d 822, 826 (9th Cir. 2002).  In ruling on a challenge to
20  subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding
21  jurisdiction and to rule on that issue prior to trial, resolving factual disputes where
22  necessary. See Thornhill, 594 F.2d at 733.  In such circumstances, "[n]o presumptive
23  truthfulness attaches to plaintiff's allegations, and the existence of disputed material
24  facts will not preclude the trial court from evaluating for itself the merits of jurisdictional
25  claims." Id.  However, where the jurisdictional and substantive issues are so intertwined
26  that the jurisdictional question depends upon resolution of factual issues going to the
27  merits, the jurisdictional determination should await either a motion going to the merits
28  or trial.  Id. at 733-35.

1    **B.     Rule 12(b)(6) Motion to Dismiss.**

2        The Court must dismiss a cause of action for failure to state a claim upon which

3    relief can be granted. Fed.R.Civ.P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6)

4    tests the complaint's sufficiency.  See North Star Int'l. v. Arizona Corp. Comm'n., 720

5    F.2d 578, 581 (9th Cir. 1983).  All material allegations in the complaint, "even if

6    doubtful in fact," are assumed to be true.  Id.  The court also must construe all factual

7    allegations "in the light most favorable to the nonmoving party." Gompper v. VISX,

8    Inc., 298 F.3d 893, 895 (9th Cir. 2002); see also Walleri v. Fed. Home Loan Bank of

9    Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

10       As the Supreme Court recently explained, "[w]hile a complaint attacked by a

11   Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

12   obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels

13   and conclusions, and a formulaic recitation of the elements of a cause of action will not

14   do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007).  Instead, the

15   allegations in the complaint "must be enough to raise a right to relief above the

16   speculative level." Id. at 1964–65.  A complaint may be dismissed as a matter of law

17   either for lack of a cognizable legal theory or for insufficient facts under a cognizable

18   theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

19

20   **C.     Rule 12(f) Motion to Strike.**

21       Rule 12(f) provides that a federal court may strike from the pleadings any

22   insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

23   Fed.R.Civ.P. 12(f).  The function of a motion to strike is to avoid unnecessary

24   expenditures that arise throughout litigation by dispensing of any spurious issues prior

25   to trial.  Chong v. State Farm Mut. Auto. Ins. Co., 428 F.Supp.2d 1136, 1139 (S.D. Cal.

26   2006); Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  Courts

27   generally grant a motion to strike only where "it is clear that the matter to be stricken

28   could have no possible bearing on the subject matter of the litigation." LeDuc v.

1 | Kentucky Cent. Life Ins. Co., 814 F.Supp. 820, 830 (N.D. Cal. 1992).

2

3 | **III.   DISCUSSION**

4 |     **A.   Watkins' Class Allegations are Stricken.**

5 |     Defendants contend that the class-action allegations should be dismissed because

6 | Watkins does not meet the requirements or comply with court rules applicable to class

7 | actions. (*Def.'s Supp. Mem.* at 10.) Watkins' response does not address Defendants'

8 | contentions.

9 |     All class actions in federal court must meet the prerequisites of Federal Rule of

10 | Civil Procedure 23(a).  First, the class must be so numerous that joinder of all members

11 | individually is "impracticable." Fed.R.Civ.P. 23(a)(1).  Second, there must be questions

12 | of law or fact common to the class.  Id. 23(a)(2).  Third, the claims or defenses of the

13 | representative parties must be typical of the claims or defenses of the class.  Id. 23(a)(3).

14 | And fourth, the person representing the class must be able to fairly and adequately

15 | protect the interests of all class members.  Id. 23(a)(4).

16 |     Moreover, although a non-attorney may appear in propia persona on his own

17 | behalf, that privilege is personal to him.  McShane v. United States, 366 F.2d 286, 288

18 | (9th Cir.1966).   A non-attorney has no authority to appear as an attorney for others.

19 | C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697-698 (9th Cir. 1987).  Further, even

20 | an attorney generally may not serve as both class representative and class counsel. See,

21 | e.g., Susman v. Lincoln American Corp., 561 F.2d 86, 90-92 (7th Cir.1977); In re

22 | Chiron Corp. Securities Litigation, 2007 WL 4249902 at 17 (N.D. Cal. 2007).

23 |     Here, Watkins is proceeding in pro per.  He has not alleged he is an attorney and

24 | therefore may not serve as an attorney for others.  Moreover, Watkins may not act as

25 | both class counsel and class representative.  Accordingly, the Court **STRIKES** Watkins'

26 | class allegations because they have no possible bearing on the subject matter of the

27

28

1    litigation.[1]

2

3    **B.    <u>Watkins' RFP process claim is not ripe.</u>**

4    Defendants contend that Watkins' claim regarding the proposed kayak RFP

5    process is not ripe under both state and federal standards. (*Def.'s Supp. Mem.* at 5–7.)

6    Watkins states that there is a "RFP process afoot which should be nipped in the bud."

7    (*Pl.'s Response* ¶4.)  Watkins contends that the RFP process will, like the process already

8    in place for surf camps, charge him an annual flat fee plus 10% of his gross revenue.

9    (*Compl.* ¶¶26, 27.)

10   When evaluating whether a claim is ripe, the court considers (1) whether the

11   issues are fit for judicial decision, and (2) the parties' hardship in withholding court

12   consideration.  <u>Abbott Labs v. Gardner</u>, 387 U.S. 136, 149 (1967).  With respect to

13   claims against the government, the core question is whether the agency has completed

14   its decision-making process, and whether the result of that process will affirmatively

15   affect the parties, rather than possibly affect the parties in the future.  <u>Franklin v.</u>

16   <u>Massachusetts</u>, 505 U.S. 788,797 (1992).

17   Here, the RFP process with regards to Watkins' kayak and scuba business has not

18   been implemented. (*Def.'s Supp. Mem.* at 7:5–6.) In fact, Watkins concedes  that the

19   RFP process has not yet been implemented when he states that there is an "RFP process

20   afoot which should be nipped in the bud." (*Pl.'s Response* ¶4.)  Because it appears that

21   the government has not completed its decision making process, it is unclear that the

22   result of the RFP will affirmatively effect Watkins.  Therefore, Watkins' challenge to

23   the RFP process is not ripe.[2]

24

25

26   _____

27   [1]Further, the Court notes that Watkins' complaint may not contain allegations that satisfy the requirements for establishing an ascertainable class under Rule 23(a).

28   [2]Because Watkins does not allege that he is engaged in the surf-camp business, he lacks standing to challenge the surf-camp RFP since it does not effect him.

1    **C.    Watkins' Complaint is Vague.**

2    Federal Rule of Civil Procedure 8(a) provides that a "pleading that states a claim

3    for relief must contain: (1) a short and plain statement of the grounds for the court's

4    jurisdiction. . .; (2) a short and plain statement of the claim showing that the pleader

5    is entitled to relief; and (3) a demand for the relief sought, which may include relief in

6    the alternative or different types of relief." Fed.R.Civ.P. 8(a).  When a complaint fails

7    to comply with these requirements, the district court has the power, on motion or sua

8    sponte, to dismiss the complaint. Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir.1995);

9    Marshall v. United Nations, 2006 WL 947697, 2–3, (E.D. Cal. 2006).  Such a dismissal

10   is appropriate in "cases in which the complaint is [ ] confused, ambiguous, vague,

11   otherwise unintelligible...." Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th

12   Cir.1987). Even if the factual elements of the cause of action are present, but are

13   scattered throughout the complaint and are not organized into a "short and plain

14   statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry

15   v. Renne, 84 F.3d 1172, 1178 (9th Cir.1996) (stating that a complaint should set forth

16   "who is being sued, for what relief, and on what theory, with enough detail to guide

17   discovery."). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does

18   not depend on whether the complaint is wholly without merit." Id. at 1179.

19   Additionally, under Federal Rule of Civil Procedure 10(b), plaintiffs should state

20   "each claim founded on a separate transaction or occurrence" as a "separate count."

21   Fed.R.Civ.P. 10(b).  Rule 10 further provides that a "party must state its claims or

22   defenses in numbered paragraphs, each limited as far as practicable to *a single set of*

23   *circumstances*." Fed.R.Civ.P. 10(b)(emphasis added).

24   Here, Watkins' complaint does not comply with either Rule 8 or Rule 10.

25   Although the complaint is replete with factual allegations, as well as references to

26   various constitutional provisions, statutes and other laws, it is extremely difficult to

27   discern from the complaint which legal theories Watkins intends to pursue and what

28   relief he is seeking.

08-CV-1615

The lack of clarity is compounded by Watkins' failure to use headings in the complaint to identify the separate claims (i.e., "counts") that he is asserting in this lawsuit.  Instead, the complaint is divided into the following sections: "The Parties" (*Compl.*, ¶¶1–7); "Preliminary Matter: Filing and Rejection of Claim" (*Id.*, ¶8); "Subject Matter of the Controversy; the Public Boat Launch at La Jolla Shores" (*Id.*, ¶¶9–10); "Applicable Statutory and California Constitutional Provisions: Preemption" (*Id.*, ¶¶11–14); "The Controversy" (*Id.*, ¶15–30); "Past History" (*Id.*, ¶¶31–18[3]); "Discriminatory Pricing" (*Id.*, ¶24[4]); and "Wherefore Plaintiff Prays" (*Id.*, ¶¶1–4). Based on these headings, it is difficult to discern whether Watkins' claims consist of only those identified under "The Controversy" section, or whether he intends to pursue claims identified elsewhere.

With respect to the "The Controversy" section, it is unclear whether Watkins is challenging only the proposed RFP relating to kayaks, or the City's use of RFPs in general. (*See Compl.*, ¶16.)  Additionally, it is unclear whether Watkins is alleging only that the RFP violates the California Constitution Article X, Section 4 and Government Code § 39,933 (*see Compl.*, ¶11–13, 15–18), or that the RFP also violates other state and federal laws.[5]

Moreover, the complaint's allegations are insufficient to establish whether subject-matter jurisdiction exists.  Defendants removed this case from the San Diego Superior Court based on the complaint's reference to alleged violations of Watkins' "federal constitutional rights, specifically the Fifth Amendment and Fourteenth

---

[3]Watkins' complaint contains three paragraphs numbered 14, and two paragraphs numbered 15–18 and 24.  The citation here refers to the second numbered paragraph 18, which is on page 15.

[4]The complaint attached to the Notice of Removal is missing pages 16 and 17. Accordingly, it appears that the Discriminatory Pricing section consists of one paragraph.

[5]These issues would be cleared up by using headings for each claim, i.e. count.  For example, with respect to the violation of Government Code § 39,933, the complaint should have a heading stating: "Count 1 - Violation of Government Code § 39,933."  The heading should also identify which defendants are charged with the violation.  Below the heading, the complaint should identify all facts or alleged wrongdoing that supports the claim.

Amendment," and 42 U.S.C. §1983 and 18 U.S.C. §1961.  (*See Not. of* Removal, 1:25–27.)  With respect to these alleged violations, however, the complaint appears devoid of supporting factual allegations.  Instead, these violations are based on conclusory statements.  (*See Compl.*, ¶¶7, 23)  In short, the complaint does not include a short and plain statement of the federal claims showing that Watkins is entitled to relief.  And to the extent Watkins cannot state a federal claim, this Court lacks subject-matter jurisdiction, and the case must proceed in state court.

## IV.   CONCLUSION AND ORDER

For the reasons discussed above, the Court **GRANTS** Defendants' motion to dismiss (Doc. No. 2.), and **DISMISSES** the complaint **WITH LEAVE TO AMEND**. Watkins' First Amended Complaint must be filed and served on or before **January 12, 2009.**

In light of the foregoing, Watkins' motion for summary adjudication (Doc. No. 6) and motion for delivery of an archived handwritten record (Doc. No. 13) are **DENIED** as moot.

**IT IS SO ORDERED.**

DATED:  December 12, 2008

_____
Hon. Thomas J. Whelan
United States District Judge